IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

MARCOS RAMIRES-RAMIRES,

    Defendant.

Case No. 06-10173-01-JTM

MEMORANDUM AND ORDER

This matter is before the court on the Motion to Dismiss (Dkt. No. 17) of defendant Marcos Ramires-Ramires, seeking dismissal on the grounds that he is a juvenile rather than an adult, and the response of the United States, a Notice of Certification of Juvenile for Adult Prosecution (Dkt. No. 25). In its Notice, the government states that it concedes for purposes of this case only that Ramires is a juvenile, but invokes 18 U.S.C. § 5032, and states that " there is a substantial federal interest in this case for prosecution of the defendant as an adult."

Section 5032 creates a two-step procedure, certification and transfer. First, the government creates federal jurisdiction by issuing a certification in compliance with the first paragraph of the statute. While courts will not conduct an in-depth inquiry into the validity of a certification itself, courts will make a limited examination of the facial validity of a certification. *United States v. W.P., Jr.*, 898 F.Supp. 845

(M.D.Ala. 1995); *United States v. Juvenile Male*, 915 F.Supp. 789 (W.D. Va. 1995). *See In re R.G.*, 117 F.3d 730, 735 n. 5 (3d Cir. 1997) (§ 5032 certification would be incorrect if asserted a federal interest in "a crime not enumerated in the statute"). Thus in *U.S. v. W.P., Jr.*, the court held that a certification was insufficient where it merely stated that the juvenile was charged with "an offense described in ... Section 5032, and that there is a substantial federal interest in the case and the offense which warrants the exercise of federal jurisdiction." 898 F.Supp. at 851.

Certification allows the government to continue holding or exercising jurisdiction over the juvenile. Criminal prosecution, however, follows only from the second step in the Section 5032 process, when the proceedings are transferred to the district court. Pursuant to the fourth paragraph of § 5032, a transfer may be permissive or mandatory, depending upon the age of the juvenile and the type of offense alleged. In deciding whether to grant permissive transfer, the court must explicitly weigh each of six factors set forth in the fifth paragraph of the statute. *See United States v. McQuade Q.*, 403 F.3d 717 (10th Cir. 2005).

> Section 5032 mandates that the district court consider and make findings as to each of the six statutory factors. In addition, the government must present evidence on each factor. *See United States v. M.H.*, 901 F.Supp. 1211, 1213 (E.D.Tex.1995) ("Failure of the government to address any factor leads to a denial of the transfer request."); *United States v. A.J.M.*, 685 F.Supp. 1192, 1192-93 (D.N.M.1988). However, the district court need not find that each factor weighs in favor of transfer in order to grant the government's motion. The court need not even find a majority of factors weigh in favor of the prevailing party, as "it is not required to give equal weight to each factor but 'may balance them as it deems appropriate.'" *Leon, D.M.*, 132 F.3d at 589 (*quoting Juvenile Male # 1*, 47 F.3d at 71). Indeed, though the court must address each factor, it "is not required to state whether each specific factor favors or disfavors transfer." *Id.* The decision to transfer is a grave and often difficult one, and does not lend itself to simple mathematical formulas. *See United States v. Wilson*, 149 F.3d 610, 614 (7th Cir.1998). Rather, the district court must balance the evidence before it, weighing each factor as it sees fit, to determine whether a transfer to adult status best serves "the interest of justice." 18 U.S.C.

§ 5032.

*United States v. Anthony Y.*, 172 F.3d 1249, 1253 (10th Cir. 1999). "Under § 5032 , juvenile adjudication is presumed appropriate, and the government bears the burden of establishing that a transfer to adult status is warranted." *U.S. v. Leon D.M.*, 132 F.3d 583, 590 (10th Cir. 1997). The enumerated factors "leave considerable room for interpretation," and § 5032 "thus vests considerable discretion in the district court to decide" that a given factor is present. *Id.* at 590-91.

Here, the government's Notice is insufficient to permit the court to find that the requirements for either certification or transfer are present. The government's Notice does not set forth which of the three options of § 5032's first paragraph it is relying upon for certification, or (if it is relying on the third of the three options) show that the defendant is charged with "a crime of violence that is a felony or an offense described in section 401 of the Controlled Substances Act (21 U.S.C. 841), or section 1002(a), 1003, 1005, 1009, or 1010(b)(1), (2), or (3) of the Controlled Substances Import and Export Act (21 U.S.C. 952(a), 953, 955, 959, 960(b)(1), (2), (3)), section 922(x) or section 924(b), (g), or (h) of this title." The Indictment currently charges with one count of illegal reentry (8 U.S.C. § 1326), two counts of false statement (18 U.S.C. § 1001), and one count of identity theft (18 U.S.C. § 1028A). The government's Notice also fails to make an showing with respect to the statutory transfer factors.

This matter is hereby set for hearing on December 5, 2006, at 1:30 p.m., Room 238, United States Courthouse, Wichita, Kansas 67202, on the following issues:

1) whether certification under 18 U.S.C. § 5032 is sufficient to trigger federal jurisdiction; and

2) if so, the sufficiency of the government's justification to transfer the case for criminal prosecution

under 18 U.S.C. § 5032.

The parties shall be prepared to present evidence in support of their respective positions, and to argue the law in support of their positions.

The parties shall submit simultaneous briefs on these issues on or before December 1, 2006.

IT IS SO ORDERED this 22nd day of November, 2006.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE